IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LUIS ERNESTO HERNANDEZ-ARELLANO, ) ) ) Petitioner, ) ) v. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) | Civil Action No. 1:12cv284-WKW (WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.    BACKGROUND**

On November 30, 2010, the petitioner, Luis Ernesto Hernandez-Arellano ("Hernandez"), appeared before a magistrate judge and pled guilty to unlawfully being in the United States after deportation subsequent to conviction for an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) & (b)(2).[1] The district court accepted Hernandez's guilty plea, adjudged him guilty and, on March 23, 2011, sentenced him to 120 months' imprisonment. A judgment was entered on April 1, 2011. No direct appeal was taken.

Hernandez was represented in all proceedings, through sentencing, by attorneys with the Office of the Federal Defender for the Middle District of Alabama ("Federal Defenders Office").

---

[1] Hernandez pled guilty without benefit of a plea agreement.

On March 27, 2012, Hernandez, proceeding *pro se*, filed this motion to vacate pursuant to 28 U.S.C. § 2255, asserting the following claims:

1. His counsel was ineffective for failing to file a direct appeal after he requested that counsel do so.

2. His 120-month sentence constitutes cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

(Doc. Nos. 1 & 2.)

On April 5, 2012, Christine A. Freeman, Executive Director of the Federal Defenders Office and one of the attorneys who represented Hernandez during proceedings in the trial court, filed an affidavit in this case in which she avers that Hernandez did, as he asserts in his § 2255 motion, instruct her office that he wanted to pursue an appeal of his sentence, but that her office then failed to file an appeal as requested. (Doc. No. 9 at 1-2.) Ms. Freeman further states in her affidavit that, when Hernandez made his request, there were no legal bars prohibiting him from seeking an appeal and that, consequently, the failure of her office to file the requested appeal was error and prejudicial to Hernandez. (*Id*. at. 2.)

The United States has filed a response to the § 2255 motion directed specifically to Hernandez's claim that his counsel failed to file an appeal as requested and addressing this claim in light of Ms. Freeman's affidavit acknowledging that her office failed to file the appeal that was requested by Hernandez. (Doc. No. 10.) The United States concedes that Hernandez's claim that counsel was ineffective for failing to file an appeal in his case is substantiated by Ms. Freeman's affidait and that Hernandez is therefore entitled to an out-of-

2

time appeal.  (*Id.* at 5.)

After due consideration of Hernandez's § 2255 motion and the facts of this case, the Magistrate Judge recommends that the § 2255 motion be GRANTED IN PART and DISMISSED WITHOUT PREJUDICE IN PART.

## II.   DISCUSSION

### A.  Counsel's Failure to File an Appeal

In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Supreme Court held that the test in *Strickland v. Washington*, 466 U.S. 668 (1984), applies to determine whether counsel is ineffective for failing to file an appeal. *Flores-Ortega*, 528 U.S. at 477.  Under *Strickland*, a defendant demonstrates ineffective assistance of counsel by showing: "(1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant."  *Flores-Ortega*, 528 U.S. at 476-77 (internal quotation marks and internal citations omitted).

With respect to the objective standard of reasonableness, the Supreme Court in *Flores-Ortega* reaffirmed that an attorney who fails to file an appeal on behalf of a client who specifically requests it acts in a professionally unreasonable manner. *Id*. at 477.  With respect to prejudice, the *Flores-Ortega* Court held that prejudice is presumed where counsel fails to file a requested appeal, so that when an attorney fails to file an appeal when requested to do so, the defendant need not demonstrate that he would have been able to raise meritorious issues on appeal. *Id*. at 477-78 & 483-86.  The Court indicated that it would be

3

unfair to require a litigant to demonstrate in a § 2255 proceeding that his appeal would have had merit. *Id*. at 486.[2] Instead, the defendant must only demonstrate that there is a reasonable probability that, but for counsel's failure, he would have timely appealed. *Id*. at 484.

An attorney's failure to pursue an appeal that has been requested by the defendant normally should result in the court granting an out-of-time appeal, even absent the defendant showing that he or she would have had any viable grounds for appeal. *Flores-Ortega*, 528 U.S. at 477; *see also Martin v. United States*, 81 F.3d 1083, 1084 (11th Cir. 1996); *Regalado v. United States*, 334 F.3d 520, 525 (6th Cir. 2003). Here, it is undisputed that Hernandez instructed his counsel that he wanted to pursue an appeal but that his counsel failed to comply with his request. Consequently, the court recommends that § 2255 relief on this allegation of ineffective assistance of counsel is due to be granted, and Hernandez should be granted the opportunity to file an out-of-time appeal.[3]

---

[2]The Court stated:

> [I]t is unfair to *require* an indigent, perhaps pro se, defendant to demonstrate that his hypothetical appeal might have had merit before any advocate has ever reviewed the record in his case in search of potentially meritorious grounds for appeal. Rather, we require the defendant to demonstrate that, but for counsel's deficient conduct, he would have appealed.

528 U.S. at 486.

[3]In *United States v. Phillips*, 225 F.3d 1198 (11th Cir. 2000), the Eleventh Circuit held that where a district court finds that a defendant was denied the right to appeal, the court should vacate the judgment, reimpose the same sentence, and inform the defendant of the right to appeal and that he has 14 (formerly 10) days in which to file a notice of appeal. 225 F.3d at 1201.

4

### *B. Dismissal of Remaining Claim Without Prejudice*

The Magistrate Judge finds that Hernandez is entitled to relief on his ineffective assistance of counsel claim and that Hernandez should be granted the opportunity to file an out-of-time appeal. The Magistrate Judge further finds the remainder of § 2255 motion should dismissed without prejudice. *See McIver v. United States*, 307 F.3d 1327, 1331 n.2 (11th Cir. 2002) (where the district court grants a § 2255 movant's claim seeking an out-of-time appeal, the district court should dismiss without prejudice any remaining claims in the § 2255 motion or hold such claims in abeyance pending the outcome of the reinstated direct appeal).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Hernandez be GRANTED in part and DISMISSED WITHOUT PREJUDICE in part. Specifically, it is the RECOMMENDATION of the Magistrate Judge that:

(1) Hernandez be granted the opportunity to file an out-of-time appeal based on his meritorious claim that his counsel rendered ineffective assistance by failing to file a direct appeal when asked to do so;

(2) the judgment in Criminal Case No. 1:09cr170-WKW be vacated;

(3) the same sentence then be reimposed and the identical judgment in the criminal case be re-entered;

(4) Hernandez be advised that he must file any notice of appeal

      from the re-entered judgment within the 14-day period provided by Federal Rule of Appellate Procedure 4(b)(1)(A)(i);

(5)    Hernandez be advised that he has the right to appeal from the re-entered judgment in the criminal case and that if he cannot afford a lawyer, one will be appointed for him; and

(6)    Hernandez's remaining claim for relief in his § 2255 motion be dismissed without prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before May 23, 2012.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 8th day of May, 2012.

                            /s/ Terry F. Moorer
                            TERRY F. MOORER
                            UNITED STATES MAGISTRATE JUDGE